UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY FABRICIO QUIJADA OROZCO,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-3032

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to immediately release Petitioner. (Pet., ECF No. 1, PageID.15.)

In an order entered on October 28, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the August 20, 2026, bond hearing on October 29, 2026. (Resp., ECF No. 6; Recording of Aug. 20,

2026, Bond Hearing, filed on Oct. 29, 2026.) Petitioner filed his reply on October 30, 2026. (ECF No. 7.)

## II. Relevant Factual Background

Petitioner is a citizen of El Salvador who entered the United States approximately ten years ago. (Pet., ECF No. 1, PageID.6.) Petitioner was arrested by immigration officers on July 3, 2026. (*Id.*) On August 20, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Immigration Judge Order, *Quijada Orozco v. Raycraft* (*Quijada Orozco I*), No. 1:26-cv-2555 (W.D. Mich.), (ECF No. 9-3, PageID.111). At the conclusion of the August 20, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "[Petitioner]'s application has been denied. [Petitioner's] case is still pending before the BIA. The [Petitioner] has a low likelihood of relief." *Id.*

On September 11, 2026, Petitioner filed a *pro se* § 2241 petition challenging the constitutionality of his detention following the August 20, 2026, order issued by the Detroit Immigration Court denying him bond. *Quijada Orozco I*, No. 1:26-cv-2555 (W.D. Mich.). In *Quijada Orozco I*, the Court denied the petition without prejudice, explaining that Petitioner challenged the conclusions of the immigration judge but did not claim that the procedures used violated the Due Process Clause of the Fifth Amendment and Petitioner had not exhausted his administrative remedies. Op. & Jud., *Quijada Orozco I*, (W.D. Mich. Oct. 5, 2026), (ECF Nos. 11, 12). The Court further found that, "to the extent that Petitioner claims that the Immigration did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing . . . there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing." Op., *Quijada Orozco I*, (W.D. Mich. Oct. 5, 2026), (ECF No. 11, PageID.117).

On October 22, 2026, Petitioner filed the present § 2241 petition, through counsel. (ECF No. 1.)

## III. Discussion

In Petitioner's present § 2241 petition, Petitioner again argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on August 20, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof). For the same reasons set forth in the Court's opinion in *Quijada Orozco I*, there is no indication in the record before the Court that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. *See* Op. & Jud., *Quijada Orozco I*, (W.D. Mich. Oct. 5, 2026), (ECF Nos. 11, 12).

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 12, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge